## M. D. TAYLOR v. THE STATE.

### No. 7617.  Decided January 2, 1924.

**Tick Law—Evidence—Remarks by Court.**

Where, upon trial of a violation of the Tick Law, the defendant offered testimony which, although it may not have authorized an acquittal, yet was admissible and material for the consideration of the jury upon the amount of punishment to be assessed, the trial judge remarks that the testimony amounted to nothing and was immaterial in overruling the State's attorney's objection thereto, is reversible error.

Appeal from the County Court of Edwards.  Tried below before the Honorable A. P. Allison.

Appeal from a conviction of violating the Tick Law; penalty, a fine of $62.50.

The opinion states the case.  No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of violating the Tick Law; punishment fixed at a fine of $62.50.

The information charged that the appellant was the owner of twenty-five head of cattle, located in Real County; that on the 17th day of November, 1921, they were by him driven or permitted to drift from the point where they were located in Real County to a point on the ranch of the appellant in Edwards County, each of said counties being within the special quarantine area designated as Zone No. 2 for the purpose of tick eradication; the movement having taken place without a permit from the Inspector of the Live Stock Sanitary Commission of Texas.

J. C. Clark testified that he was Inspector for the Live Stock Sanitary Commission of Texas for Edwards County, Texas; that on the 17th day of November, 1921, he was called up by the appellant over the telephone from the Woolridge Ranch in Re  County, stating that he had a bunch of cattle which he wanted dipped and was told that they must be dipped at the McFatter vat; that the witness could not dip the cattle at the vat in his charge without an instruction to do so from one Bardwell, located in Edwards County, and that the cattle could not be passed, but must be driven back to the Mc-Fatter vat.  The witness never saw the cattle, nor did he give the appellant any permission to drive them from Real County into Edwards County.

The appellant, as stated in the bill, offered to prove:

"* * * that in the same conversation brought · ᴸ by said State's witness on direct examination that he, the said defendant, Taylor,

stated to said witness that he had a small bunch of cattle which had been driven by him from out of Uvalde County nd that two or three days before he left them that he called Mr. Pannell, who was the Inspector of the Live Stock Sanitary Commission of Texas in charge of the McFatter vat, and requested that he be present and dip the cattle at said vat and inspect them and give him a permit to take them on, and that said Inspector agreed to meet him, the defendant, at the McFatter vat on the morning of November 17th, 1921, and dip said cattle, and also that the said defendant did drive the said cattle to said vat in accordance with such instructions, and was there the morning of November 17th, 1921, at the appointed time with the cattle ready to be dipped and inspected, and that on arrival there he found the Inspector was not there and the vat had not been filled and had no dip in it and that he, the defendant, further stated in said conversation that he called the Inspector in charge of the Mc-Fatter vat, Mr. Pannell, by phone and requested him to com im-mediately so the cattle could be dipped, inspected and passed, and the Inspector told him that he could not come that day, and then he, defendant asked the Inspector to come the next day, and he told de-fendant that he could not come the next day and did not know when he could come and dip and inspect said cattle, and further that the defendant in same conversation then stated that he decided to call him, the witness (who was also inspector as aforesaid), and had the conversation as stated."

Objection was made to this proof, with reference to which the court made the following remark: "I will overrule your objection, Mr. District Attorney. I do not think that the testimony has any bearing on the case or amounts to anything, and is immaterial."

Exception was reserved upon the ground that the remark was a comment upon the weight of the evidence. Apparently the prosecu-tion is based upon a law prior to its amendment by Chap. 38, Acts of the Thirty-sixth Legislature, 3rd Called Session.

We are not favored with a brief by the appellant, and are not aware of his views touching the alleged inadmissibility of the procla-mation. It was apparently made prior to the amendment of the stat-ute by the Acts of the Thirty-sixth Legislature, 3rd Called Session, Chapter 38. See Ex parte Leslie, 87 Texas Crim. Rep., 477. A dis-cussion of that phase is pretermitted.

The comment of the court upon the evidence introduced by the appellant, although there was an attempt to withdraw it, is ap-parently a serious matter. Simmons v. State, 55 Texas Crim. Rep., 444; English v. State, 85 Texas Crim. Rep., 456; Vernon's Tex. Crim. Stat., Vol. 2, p. 694, and cases there collated. It is manifestly in contravention of the legislative command embraced in Art. 787 of the C. C. P., which reads thus:

"In ruling upon the admissibility of evidence, the judge shall not discuss or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible; nor shall he, at any state of the proceedings previous to the return of a verdict, make any remark calculated to convey to the jury his opinion of the case."

The evidence to which the comment was addressed was the appellant's entire defensive theory.

In the absence of a brief pointing out and analyzing the part of the Act of the Legislature relied upon and the construction thereof contended for, we refrain from expressing any opinion as to whether this testimony was such as to authorize the jury in rendering a verdict of acquittal; that is to say, whether it presented a defense. There is no question, however, in our minds that it was admissible and material for the consideration of the jury upon the amount of punishment to be assessed. The verdict was much above the minimum prescribed by law.

In our judgment, the comment of the court upon the mitigating facts requires a reversal of the judgment, and it is so ordered.

*Reversed and remanded.*